HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

HENRY ZEGZULA,

    Debtor,

CASE NO. 18-cv-5517RBL

BANKRUPTCY CAUSE NO.
18-40874BDL

BANKRUPTCY INTERNAL APPEAL
NO. 18-T005

THIS MATTER is before the Court on Debtor and Appellant Zegzula's "Emergency Ex-Parte Motion for A Preliminary Injunction and Order to Show Cause." [Dkt. # 11]. The Motion references "an initial foreclosure" but that proceeding is not described. Nor does the Motion explain why it was filed *ex parte*.

This is an appeal of the Bankruptcy Court's dismissal of what appears to be Zegzula's ninth bankruptcy filing [*See* Dkt. # 1 at 11]. Bankruptcy Judge Lynch found that Zegzula "is intentionally abusing and unfairly manipulating the bankruptcy system and acting in bad faith in order to fend off foreclosure." [*Id*.] It barred him from filing for bankruptcy relief for five years. [*Id*. at 12].

Zegzula's Motion (and other filings) describe this as an "adversary proceeding," but the record does not reflect that he ever actually commenced an adversary proceeding against his creditors in bankruptcy court. [*See* Dkt. #s 1 and 8]

Nevertheless, Zegzula now asks this appellate court to enjoin his creditors from foreclosing. His Motion does not relate to the Bankruptcy Court's Order of Dismissal, and it does not relate to any pending adversary (or other) proceeding in which Zegzula is a plaintiff and any of his creditors are defendants. Indeed, it does not appear that any other party has notice of the Motion or has otherwise been apprised of any affirmative claims against them.

The purpose of a TRO is "preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing [on the preliminary injunction application], and no longer." *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers*, 415 U.S. 423 (1974); *see also Reno Air Racing Ass'n v. McCord*, 452 F.3d 1126, 1130–31 (9th Cir. 2006). To obtain a TRO or a preliminary injunction, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Zegzula claims he will be irreparably harmed if the property he apparently pledged for a debt is foreclosed upon, and that he is likely to prevail on the merits of his underlying claims against his creditors. He also claims the public has an interest in enjoining the foreclosure.

Even if Zegzula has shown the risk of irreparable harm, he is not entitled to an injunction. His arguments about the propriety of the foreclosure—he is unaware of the real party in interest, he hasn't seen the original promissory note, the foreclosing lender does not have standing, he

never said he wouldn't pay, and the like—have been soundly rejected by this and other courts in this district. This would be true even if Zegzula was asserting such claims against his creditors in this Court. But he is not; he is appealing (only) the Bankruptcy Court's dismissal of his bankruptcy petition, due to what the Bankruptcy Court found were serial bankruptcy filings and abuses of the system.

Zegzula's appeal (and his decision to have the appeal heard by the District Court rather than the BAP) triggered this Court's review of that dismissal. Any claims that Zegzula may wish to assert against his creditors are not part of this appeal (and were not a part of his bankruptcy case when it was dismissed). Zegzula has not demonstrated any likelihood of success on the merits of any as-of-yet-unasserted affirmative claims against his creditors.

Zegzula's Motion for an Emergency *Ex Parte* Injunction is DENIED.

Zegzula's "Request for Clerk's entry of default" [Dkt. # 12] is DENIED for the same reason. A default is sometimes proper when a defendant fails to answer a complaint. Fed. R. Civ. P. 55. The creditors listed in Zegzula's dismissed bankruptcy are not defendants, and they are not in default.

IT IS SO ORDERED.

Dated this 11th day of October, 2018.

                    Ronald B. Leighton
                    United States District Judge